FILED
SEP 26 2019
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. S3-4:17CR00198 JAR (PLC) |
| ) | |
| GERALD FITZGERALD HUNTER, and ) | Counts I, II, III, IV, & V |
| RAINA ELYSE MADISON, ) | Counts I, II, & V |
| ) | |
| ) | |
| Defendants. ) | |

## SUPERSEDING INDICTMENT

### COUNT I

The Grand Jury charges that:

Beginning on an unknown date and continuing for a time period, including January 2011 and continuing up to the date of this Indictment, with the exact dates unknown, within the Eastern District of Missouri, the Central District of California, and elsewhere,

**GERALD FITZGERALD HUNTER, and
RAINA ELYSE MADISON,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree together with one or more other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of Fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1),

All in violation of Title 21, United States Code, Section 846.

Quantity of Controlled Substance Involved in the Conspiracy

1.  With respect to defendant GERALD FITZGERALD HUNTER, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of mixture or substance containing a detectable amount of Fentanyl, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(vi).

## COUNT II

The Grand Jury further charges that:

Beginning on an unknown date and continuing for a time period, including January 2011 and continuing up to the date of this Indictment, with the exact dates unknown, within the Eastern District of Missouri, the Central District of California, and elsewhere,

**GERALD FITZGERALD HUNTER, and
RAINA ELYSE MADISON**

the defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree together with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1),

All in violation of Title 21, United States Code, Section 846, and punishable under Title 21, United States Code, Section 841(b)(1)(C).

With respect to defendant GERALD FITZGERALD HUNTER, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five kilograms or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii).

2

## COUNT III

The Grand Jury further charges that:

On or about April 27, 2017, in St. Louis County, Missouri, within the Eastern District of Missouri,

**GERALD FITZGERALD HUNTER,**

the defendant herein, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of Fentanyl, a Schedule II controlled substance,

In violation of Title 21, United States Code, Section 841(a)(1).

The amount of mixture or substance containing a detectable amount of Fentanyl attributable to the defendant is 400 grams or more, thereby making the offense punishable under Title 21, United States Code, Section 841(b)(l)(A)(vi).

## COUNT IV

The Grand Jury further charges that:

Beginning at a time unknown, but including January 2017 and continuing thereafter to the date of this Indictment, the Eastern District of Missouri, the Central District of California, and elsewhere,

**GERALD FITZGERALD HUNTER,**

the defendant herein, did knowingly combine, conspire, and agree with with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce, that is the purchase of 3931 W. 58th Place, Los Angeles, California 90043,which transactions involving the proceeds of a specified unlawful activity, that is, to distribute and possess with intent to distribute controlled substances to include Fentanyl and cocaine, Schedule II controlled substances, knowing the transaction was designed in whole or in part to conceal or disguise the

3

nature, the location, the source, the ownership, or the control of the proceeds of a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT V

The Grand Jury further charges that:

Beginning at a time unknown, but including January 2014 and continuing thereafter to the date of this Indictment, the Eastern District of Missouri, the Central District of California, and elsewhere,

**GERALD FITZGERALD HUNTER and
RAINA ELYSE MADISON,**

the defendants herein, did knowingly combine, conspire, and agree with each other, and with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce, which transactions involving the proceeds of a specified unlawful activity, that is, to distribute and possess with intent to distribute controlled substances to include Fentanyl and cocaine, Schedule II controlled substances, with the intent to promote the carrying on of the specified unlawful activity; and designed the transactions in whole or in part to conceal or disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(A)(i) and 1956(a)(l)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## **FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 846 or 841 (a)(1), as set forth in Counts I, II and III, the Defendants shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to Defendants offenses set forth in Counts I, II, and III.

3. Pursuant to Title 18, United States Code, Section 982(a), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, as set forth in Counts IV and V, the Defendants shall forfeit to the United States of America any property, real or personal, involved in such offense, or any property traceable to such property.

4. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, involved in Defendants offenses set forth in Counts IV and V, or any property traceable to such property.

5. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. Real property at 3931 W. 58th Place, Los Angeles, California 90043;

   b. $82,321.00 U.S. Currency;

   c. Norinco SKS rifle, SN: 2313054;

   d. Bersa Thunder 9mm pistol, SN: F87470; and

   e. Colt Mark IV 9mm pistol, SN: 70L09120.

5

6. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
ERIN O. GRANGER, #53593MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, MO 63102
(314) 539-2200